UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

IN RE EX PARTE APPLICATION OF THE
FEDERAL REPUBLIC OF NIGERIA AND
ABUBAKAR MALAMI, THE ATTORNEY
GENERAL OF THE FEDERAL REPUBLIC
OF NIGERIA

Applicant.

20 Misc. 169

ORDER

------------------------------------------------------------

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, on March 25, 2020 Applicant filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery in a foreign proceeding. ECF 1. Applicant states that the discovery it seeks "is for use in criminal investigations by the [Federal Republic of Nigeria's Economic and Financial Crimes Commission] and in criminal proceedings against target individuals and entities that participated in or benefitted from [Process and Industrial Development Limited's (P&ID's)] fraud, which proceedings are currently pending before the Federal High Court of Nigeria." ECF 2 at 22;

WHEREAS, on March 27, 2020, the Court directed Applicant to serve all interested parties, including the subpoena recipients, with the papers in support of the application by April 8, 2020. Responsive papers, if any, were due on April 17, 2020, and reply papers, if any, were due on April 24, 2020. ECF 7. These deadlines were extended one week. ECF 10;

WHEREAS, on April 24, 2020, two interested parties -- P&ID and JPMorgan Chase Bank (JPMorgan) -- timely filed response papers. ECF 13, 16. Neither response objects to granting the 1782 motion. *Id*. However, P&ID requests access to copies of any documents produced and an opportunity to attend all depositions conducted pursuant to the subpoena. ECF 13. JPMorgan requests that Applicant be directed to meet and confer with JPMorgan on the scope of the proposed subpoenas. ECF 16. No other responsive papers were filed;

WHEREAS, on April 29, 2020, Applicant filed a reply. ECF 17. The reply opposes P&ID's requests and states that Applicant and JPMorgan have already started to discuss the scope of the proposed subpoenas. *Id*.;

WHEREAS, "[a] district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 205) (internal citation omitted); *accord In re Eurasian Bank JSC*, 19 Misc. 568, 2020 WL 85226, at *1 (S.D.N.Y. Jan. 2, 2020);

WHEREAS, if the statutory requirements are met, a district court may grant discovery under § 1782 in its discretion. Four factors to consider as part of this determination are:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Mees*, 793 F.3d at 298 (internal citation omitted); *accord In re Eurasian Bank JSC*, 2020 WL 85226, at *2;

WHEREAS, § 1782(a) states in part that "[t]o the extent that the order [granting the discovery motion] does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *see also In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2012) (stating that

the "protections afforded by Rule 45 and 26 of the Federal Rules of Civil Procedure" apply to discovery orders granted under § 1782);

WHEREAS, this Court has "broad authority to oversee and fashion discovery as appropriate." *City of Almaty, Kazahkstan v. Ablyazov*, 15 Civ. 5345, at 2018 WL 2148430, at *1 (S.D.N.Y. May 10, 2018).  The Advisory Committee Notes to Federal Rule of Civil Procedure 45, which governs third-party subpoenas, observes that interested persons should seek access to produced information from either the producing or requesting party, but notes that "[t]he rule does not limit the court's authority to order . . . access to [the produced materials].  The party serving the subpoena should in any event make reasonable provision for prompt access." Fed. R. Civ. P. 45(a)(4) advisory committee's note to 2013 amendment;

WHEREAS, P&ID has an undisputed interest in the subpoenaed information as Applicant states that its investigations and criminal proceedings relate to P&ID, and the requested material relates to P&ID as well.  ECF 2 at 20-21, 22.  It is hereby

**ORDERED** that Applicant's § 1782 application is GRANTED.  Applicant has established the statutory requirements.  Applicant seeks discovery from financial institutions located within the Southern District of New York, and the discovery sought is for use in a foreign judicial proceeding where Applicant is an interested person.  *See* ECF 3 ¶¶ 5-14; ECF 4 ¶¶ 241-245.  The discretionary factors also counsel granting the application, as the financial institutions are not parties in the foreign proceedings, and no evidence suggests that this request is an attempt to circumvent foreign proof-gathering restrictions.  Moreover, no interested party opposes granting the motion.  It is further

**ORDERED** that the JP Morgan application is GRANTED; this Court will retain jurisdiction for forty-five days, or until **June 19, 2020**, during which time Applicant shall meet

and confer with the interested parties as is necessary to ensure the efficient production of the requested material.  If any disputes arise, the parties shall file a joint letter no longer than five-pages, single spaced, describing each party's position.  The letter shall also describe any efforts to resolve the dispute without Court intervention.  It is further

**ORDERED** that the P&ID application is GRANTED; Applicant shall (and the subpoenaed entities may) provide P&ID with reasonable access to copies of documents received pursuant to the subpoena, and with reasonable access to depositions conducted pursuant to the subpoena.

Dated: May 7, 2020
　　　　New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**