SO ORDERED
Dated: July 10, 2020
    New York, New York

The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Information or information contained therein submitted to the Court in connection with any motion, application, or proceeding that may result in any order and/or discretion by the Court.

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

EX PARTE APPLICATION OF THE FEDERAL REPUBLIC OF NIGERIA and ABUBAKAR MALAMI, THE ATTORNEY GENERAL OF THE FEDERAL REPUBLIC OF NIGERIA,

    Applicants.

Case No: 1:20-Misc-00169-LGS

**PROPOSED STIPULATED PROTECTIVE ORDER BETWEEN APPLICANTS AND RESPONDENT JPMORGAN CHASE BANK, N.A.**

LORNA G. SCHOFIELD, United States District Judge:

**WHEREAS**, the Federal Republic of Nigeria and the Honorable Abubakar Malami, the Attorney General of the Federal Republic of Nigeria (collectively, the "Applicants") filed an application in this Court for an order pursuant to 28 U.S.C. § 1782 authorizing Applicants to conduct discovery in this district for use in foreign proceedings (the "Application");

**WHEREAS**, specifically Applicants seek discovery for use in ongoing criminal investigations by the Federal Republic of Nigeria's Economic and Financial Crimes Commission and in criminal judicial proceedings in Nigeria (collectively, the "Nigerian Proceedings") against individuals and entities that participated in or benefitted from a fraudulent scheme allegedly committed by Process and Industrial Development Limited ("P&ID"); and

**WHEREAS**, as detailed in the Declaration of Attorney General Malami in support of the Application, the Nigerian Proceedings concern Applicants' allegations that P&ID engaged in unlawful activity including bribery, fraud, and money laundering to procure a certain Gas Supply and Processing Agreement entered into with Nigeria in January 2010 (the "GSPA") which Applicants allege P&ID had no intent or ability to perform; an arbitration in London resulting in a $6.6 billion arbitration award that Applicants maintain P&ID fraudulently obtained in January

1

2017 (the "Award") and which P&ID maintains is now worth nearly $10 billion with interest; and P&ID's attempts to enforce the Award against Nigeria;

**WHEREAS**, the discovery material to be produced in connection with the subpoena (the "Chase Subpoena") served on JPMorgan Chase Bank, N.A. ("Chase") reflects certain confidential financial information, and whereas Chase and Applicants have stipulated to certain protections for such information, the Court finds good cause exists to issue an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Protective Order");

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, any person who receives information or documents that Chase discloses to Applicants pursuant to the Application and Chase Subpoena—shall adhere to the following terms:

1. When responding to any request for discovery made pursuant to the Application, Chase may designate any responsive information or document as "Confidential," in whole or in part, if Chase determines, in good faith, that the information or document contains confidential information relating to a person's privacy, business, commercial, financial, or personal interests ("Confidential Information"). Chase shall mark as "CONFIDENTIAL" any designated information or document that it produces to Applicants.

2. The disclosure of any information or document without designating it as Confidential shall not constitute a waiver of the right to designate such information or document as Confidential. If so designated after-the-fact, the information or document shall thenceforth be treated as Confidential subject to all the terms of this Protective Order.

3.  If Applicants object to a "Confidential" designation, Applicants shall notify Chase in writing of the grounds for the objection. Applicants and Chase must then make a good faith effort to resolve the dispute. If Applicants and Chase are unable to resolve the dispute, either party may seek resolution by the Court.

4.  Any person subject to this Protective Order who receives any information or documents designated as Confidential pursuant to the terms of this Protective Order shall not disclose or use such information or document in any manner that is violative of this Order.

5.  Each person who has access to information or documents that have been designated as Confidential pursuant to this Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure or use of such material.

6.  Any Confidential Information that Chase discloses to Applicants pursuant to the Application and the Chase Subpoena may be used only in proceedings arising out of or in connection with the Nigerian Proceedings, the GSPA, the Award, or the attempted enforcement, confirmation, vacatur, or other challenge of the Award. Notwithstanding any other language in this Protective Order, no Confidential Information that Chase discloses to Applicants pursuant to the Application and the Chase Subpoena may be used in any proceeding in which Chase (or any of Chase's parents, subsidiaries, or affiliates) is a party.

7.  If Applicants disclose to any person or tribunal (collectively, "Recipients") any Confidential Information received pursuant to the Application and the Chase Subpoena, as permitted by Paragraph 6, Applicants shall inform Recipients that the Confidential Information must be treated as confidential pursuant to the terms of this Protective Order.

8.  Nothing in this Protective Order shall be construed as a waiver of any right to object to a discovery request on any ground permitted by law, a waiver of any privilege or protection

provided by law, or an admission that Confidential Information disclosed in connection with the Application is relevant to or admissible in any other proceeding.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In addition, it is possible that Chase may conclude that certain PII should be given alternative or additional protections beyond those afforded by this Protective Order, in which event Chase and the Applicants shall meet and confer in good faith in order to try to arrive at a mutually agreeable solution, and if unsuccessful, shall present the issue to the Court for resolution. If the party who received PII experiences a data breach, it shall immediately notify Chase and cooperate with Chase to address and remedy the breach.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents, communications, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising under this Protective Order or to impose sanctions for any violation of this Protective Order.

STIPULATED AND AGREED TO THIS 30TH DAY OF JUNE, 2020

| | |
|---|---|
| MEISTER SEELIG & FEIN LLP | COVINGTON & BURLING LLP |
| By: /s/ Christopher J. Major<br>Christopher J. Major<br>Meister Seelig & Fein LLP<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>(212) 655-3500 | By: /s/ Andrew Soukup<br>Andrew Soukup<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, D.C. 20001<br>(202) 662-6000 |
| *Attorneys for Applicants The Federal Republic of Nigeria and Attorney General Abubakar Malami* | *Attorneys for Respondent JPMorgan Chase Bank, N.A.* |

SO ORDERED.

Dated:   June ____ 2020
         New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge